NORMAN URBANSKI AND DELORES E. URBANSKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Urbanski v. Commissioner
Docket Nos. 22947-85, 22232-86
United States Tax Court
T.C. Memo 1994-384; 1994 Tax Ct. Memo LEXIS 393; 68 T.C.M. (CCH) 386; 94-2 U.S. Tax Cas. (CCH) P47,946; August 16, 1994, Filed *393 Decisions will be entered under Rule 155. Norman Urbanski and Delores E. Urbanski, pro sese. For respondent: Karen J. Goheen. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: These cases were consolidated for trial briefing, and opinion, and were assigned to Special Trial Judge Helen A. Buckley pursuant to provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Opinion of the Special Trial Judge which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: In these consolidated cases, respondent, by two notices of deficiency, determined deficiencies in Federal income taxes and additions to tax as follows: Docket No. 22947-85
Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)
6653(a)(1)
6653(a)(2)
6659
6661
1978
$ 3,036
$ 151.80
-  -
$ 910.80
-  1979
4,992
249.60
-  -
1,497.60
-  1981
4,678
-  $ 233.90
[1]
1,403.40
-  Docket No. 22232-86
Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)
6653(a)(1)
6653(a)(2)
6659
6661
1980
$ 2,619.00
$ 130.95
-  -
$ 785.70
-  *394 Respondent further determined additional interest pursuant to section 6621(c) for underpayments attributable to tax motivated transactions for all of the underpayments for 1978, 1979, 1980, and 1981 and for $ 3,625 of the underpayment for 1982. After concessions, the issues for decision are: (1) Whether petitioners are liable for the additions to tax for negligence for each year at issue; (2) whether petitioners are liable for additions to tax for valuation overstatements pursuant to section 6659 for the amounts determined for 1978 and 1981, and for $ 626.70 for 1979; and (3) whether petitioners are liable for additional interest pursuant to section 6621(c) for tax-motivated transactions for each of the years at issue. In regard to docket No. 22232-86, the parties entered into a Stipulation of Agreed Adjustment with regard to petitioners' 1982 year. (The stipulation for trial by the parties also reflects these agreed adjustments). Petitioner Delores Urbanski received unreported nonemployee compensation from International Consulting in the amount of $ 2,197 for taxable year 1982, rather than $ 52,197 as respondent set forth in the deficiency notice. This amount is subject to *395 self-employment tax. Further, petitioners are entitled to exclude $ 35,501 received on October 1, 1982, as a distribution from an individual retirement account from Investors Diversified Services. This distribution was rolled over into an American Liquid Trust Individual Retirement account with Keystone. Petitioners have conceded the deficiencies for 1978 through 1981, and a deficiency of $ 2,099 for 1982. The agreements and concessions of the parties leave the following amounts at issue: Docket No. 22947-85
Additions to Tax, Secs. Year
6653(a)
6653(a)(1)
6653(a)(2)
6659
6661
1978
$ 151.80
-  -
$   910.80
-
1979
249.60
-  -
626.70
-
1981
-  $ 233.90
[1]
1,043.40
-
Docket No. 22232-86
Additions to Tax, Secs. Year
6653(a)
6653(a)(1)
6653(a)(2)
6659
6661
1980
$ 130.95
-  -
-
-
1982
-  $ 104.95
[1]
-
-
Respondent determined additional interest at 120 percent of the statutory rate pursuant to section 6621(c) on the full amount of each year's deficiency. Some of the facts have been stipulated and they are so found. Petitioners resided in Michigan *396 when they timely filed their petitions herein. The issues remaining for decision arise out of petitioners' participation in the 1981 Soul Phonomasters and 1982 Rock Kandy Phonomasters transactions. Lead cases on these projects were decided by this Court in , affd. and affd. sub nom. . In , we found that the transactions lacked economic substance. Our decision in Donahue was sustained in the two appeals taken from it. Petitioners have the burden of proving that respondent's determinations are incorrect. Rule 142(a); . Petitioners chose, however, to limit their testimony to complaining about the interest running on the deficiencies, despite the recommendation of the Court at the trial herein that they deal with issues remaining in the case. THE COURT: Is the Court correct, then, Mr. and Mrs. Urbanski, that you don't have *397 any evidence to present in regard to negligence that would go to your original acquisition of this investment? MR. URBANSKI: We're going back into the history of the records initially then and it's a long drawn out affair really and it's something I didn't want to get involved with. But in essence, we were guided properly according to the statutes that are written up as far as the investment was concerned. And I have given the Respondent quite a brief on our response to that particular subject, a complete history on the record investment itself. THE COURT: Well, I want to be certain that you understand once again this Court has no connection with the Respondent and anything you may have given to Ms. Goheen or any employee of the IRS is not known to this court. So if that's information you wish this court to have now is the time. MR. URBANSKI: Certainly, I think it's in my case there.
1. Negligence
Respondent determined an addition to tax for negligence in each year. Petitioners declined to discuss this issue. Section 6653(a) and section 6653(a)(1) impose an addition to tax if any portion of an underpayment is due to negligence or intentional disregard to the rules *398 or regulations. Section 6653(a)(2) provides for an addition to tax in an amount equal to 50 percent of the interest due on the portion of the underpayment attributable to negligence. Negligence under section 6653(a) is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioners bear the burden of proving that they were not negligent in claiming the investment tax credits and deductions relating to the Phonomaster investments, as well as the failure to report nonemployee compensation for 1982. They presented no evidence in regard to the negligence additions to tax for any of the years at issue. Accordingly, they have failed to sustain their burden and we hold that the full amount of each underpayment, as adjusted by the parties, is due to negligence. 2. Valuation Overstatement
Here, too, petitioners have the burden of proving respondent's determinations are incorrect. Rule 142(a). A graduated addition to tax is imposed on individuals whose underpayment of tax equals or exceeds $ 1,000 and is attributable to a valuation *399 overstatement. A valuation overstatement exists if the value of any property or the adjusted basis of any property, claimed on a return is 150 percent or more of the amount determined to be the correct amount of such valuation or adjusted basis. Sec. 6659(c)(1). If the valuation exceeds 250 percent of the correct valuation, then the addition to tax is equal to 30 percent of the underpayment, but only to the extent the underpayment is attributable to the valuation overstatement. Section 6659 does not apply to underpayments of tax which are not attributable to "valuation overstatements". , affd. . Section 6659 applies to returns filed after December 31, 1981. However, the deficiencies for the years prior to 1981 are attributable to the disallowance of credit carrybacks from 1981 or later years. In , we held in comparable circumstances that an item carried back from a later year to an earlier year was "attributable to" the adjustments in the later year, with the result that we applied *400 section 6659 to income tax deficiencies for years before 1981. See . Thus, section 6659 is applicable for 1978 and 1979 as well as 1981. Petitioners failed to contest this addition and, accordingly, have not sustained their burden of proving respondent is incorrect. 3. Increased Interest
Section 6621(c) provides for an increased interest rate with respect to any "substantial underpayment" (greater than $ 1,000) in any taxable year attributable to a tax-motivated transaction. The increased rate applies to interest accrued after December 31, 1984, even though the transaction was entered into prior to the date section 6621(c) was enacted. , affd. without published opinion . The term tax-motivated transaction includes a transaction where any loss was disallowed by reason of section 465(a) or a transaction that is devoid of economic substance and without a profit objective. Sec. 6621(c)(3); , *401 affd. in part and revd. in part sub nom. . Respondent determined that petitioner was liable for increased interest because the Phonomaster credits and deductions claimed were predominantly attributable to a tax-motivated transaction. We held in , that these transactions were devoid of economic substance and without a profit objective. Petitioner conceded the deficiencies, but provided the Court with no evidence that the underpayments arising from these concessions were not attributable to a tax-motivated transaction. Therefore, we sustain respondent's determination with respect to increased interest. See . 4. Other Contentions
Petitioners eschewed any discussion or testimony at trial on the substantive issues in these cases. They complained about the time it took them to learn about the decisions in the lead case and the date of trial for their cases. They voiced concern about interest running on these deficiencies, a matter outside our jurisdiction. *402 Their arguments are not well taken. To reflect the foregoing and concessions of the parties, Decisions will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of interest due on $ 4,678 for 1981 and on $ 40,208.45 for 1982.↩
1. 50 percent of interest due on $ 4,678 for 1981 and on $ 2,099 for 1982.↩